UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMY BAUER,<br><br>                Plaintiff,<br><br>  vs.<br><br>JACOB GLASER, BRANDON KNUTSON, DARIN YOUNG, and DAVID GILBERTSON, C.J,<br><br>                Defendants. | 4:16-CV-04055-KES<br><br><br>ORDER DIRECTING SERVICE IN PART AND DISMISSING COMPLAINT IN PART |

Plaintiff, Jeremy Bauer, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. He filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Docket 1. The court has now screened Bauer's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, Bauer's complaint is dismissed in part and survives screening in part.

**FACTUAL BACKGROUND**

According to Bauer's complaint, on September 21, 2015, Bauer's habeas petition was dismissed in South Dakota circuit court. Docket 1 at 5. SDSP received this order on September 23, 2015. *Id.* Jacob Glaser,[1] the Unit Coordinator in charge of delivering legal mail to inmates and assigning inmate

---

[1] Bauer refers to a "Jacobs" several times in his complaint. The court believes he is referring to Jacob Glaser and proceeds on this assumption.

jobs, delivered the circuit court's order to Bauer on September 26, 2015. *Id.* at 5-6.

In response, Bauer prepared and had notarized a motion for a certificate of probable cause and a motion to appoint counsel. *Id.* at 6. On October 6, 2015, Bauer gave these documents to Glaser to send. *Id.* at 7. The next day, Glaser called Bauer into his office and told him that in order to send his legal documents, Bauer would have to sign a money transfer form to pay for the postage. *Id.* Bauer alleges that Department of Corrections Policy states that prisoners do not have to pay for postage on outgoing legal mail. *Id.* Glaser did not deliver the documents to the mailroom until October 8, 2015. *Id.* at 8.

Bauer alleges that the motion he delivered to Glaser on October 6 was not due under South Dakota state laws until October 14 at the earliest. *Id.* at 8-9. The South Dakota Supreme Court received Bauer's motion on October 13, 2015. *Id.* at 9. In an order signed by Chief Justice David Gilbertson, the South Dakota Supreme Court dismissed Bauer's motion because it was filed twenty-two days after entry of the circuit court's order. *Id.*

Bauer filed grievances complaining that Glaser delayed mailing his motions. *Id.* at 10. After investigating, Brendan Knutson responded to Bauer's grievances, telling him that Glaser had called Bauer to receive his mail multiple times before September 26, 2015. *Id.*

On November 16, 2015, Bauer delivered to Glaser a motion to reconsider, an affidavit in support of his motion, and proof of service to send to the South Dakota Supreme Court. *Id.* Glaser again required Bauer to pay for postage. *Id.*

2

at 11. Glaser delivered these documents to the mail room on November 19, 2015. *Id.* On November 20, 2015, Glaser had Bauer sign another money transfer form to pay postage to mail these documents. *Id.*

On November 24, 2015, the South Dakota Supreme Court received these documents. *Id.* They were returned pursuant to SDCL 15-26A-91, which states that "[a] petition for reinstatement of an appeal dismissed by the Supreme Court may be served and filed within twenty days after entry of the order of dismissal." Docket 1 at 11.

On December 1, 2015, Daniel Ducret, another inmate at SDSP, told Bauer that there was an announcement on November 30, 2015, over the PA system calling Bauer to pick up his legal mail. *Id.* at 12; Docket 5 at 1. Bauer was at work and could not hear the announcement. Docket 1 at 12. On February 15, 2016, Bauer sent a letter to Warden Darin Young explaining everything that had happened in connection with his legal mail. *Id.* Young did not respond. *Id.*

On April 20, 2016, Bauer filed his complaint in federal court. Docket 1. He claimed that defendants had violated his rights under the First and Fourteenth Amendments, specifically his right of access to the courts, his right to due process, and his right to equal protection. *Id.* at 4. Bauer requests as relief that the court declare that Chief Justice Gilbertson, Glaser, Knutson, and Young violated Bauer's constitutional rights. *Id.* at 14. He also requests $50,000 in compensatory damages and $100,000 in punitive damages. *Id.*

**LEGAL STANDARD**

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this court must screen prisoner claims and determine whether they are (1) frivolous, malicious, or fail to state a claim on which relief may be granted; or (2) seek monetary relief from a defendant who is immune. *See Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

**DISCUSSION**

Bauer claims that Chief Justice Gilbertson, Knutson, Young, and Glaser violated his right of access to the courts and his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

**I.   Defendant Chief Justice Gilbertson Is Dismissed**

Bauer claims that Chief Justice Gilbertson violated his constitutional rights. A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). This immunity can only be overcome in two circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted).

To determine whether an act is "judicial," the court considers "whether the act is a function normally performed by a judge and whether the judge was interacting with the complaining party in a judicial capacity." *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' " *Mireles*, 502 U.S. at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). The court looks to "the particular act's relation to a general function normally performed by a judge . . . ." *Id.*

Denying Bauer's motion was a judicial action. Bauer argues that his motion was timely and should not have been dismissed under South Dakota law. Docket 1 at 4. Determining the timeliness of a motion and dismissing motions are "judicial" acts. Bauer argues that his motion should not have been

5

dismissed, but the fact that an action is improper or erroneous does not make it "nonjudicial." *Mireles*, 502 U.S. at 12-13; *see also White v. Bloom*, 621 F.2d 276, 279-80 (8th Cir. 1980) (judge was immune even though actions may have been "taken in error, or arguendo may even have been done maliciously; but they were nevertheless done within the judicial capacity"). Chief Justice Gilbertson was also interacting with Bauer in a judicial capacity. Therefore, the denial of Bauer's motion was a judicial act.

Chief Justice Gilberston did not deny Bauer's motion "in the complete absence of all jurisdiction." This absence has been described as "a probate judge, with jurisdiction over only wills and estates, [trying] a criminal case . . . ." *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 n. 7 (1978)). "[I]f a judge of a criminal court should convict a defendant of a nonexistent crime," however, this would only be an act in excess of jurisdiction, and the judge is still immune. *Id.* Here, Chief Justice Gilbertson clearly had jurisdiction to dismiss Bauer's motion.

Chief Justice Gilbertson is immune from Bauer's claim under § 1983. Bauer fails to state a claim against Chief Justice Gilbertson even though Bauer disagrees with his legal conclusion. *See Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982) (holding that the possible commission of procedural errors was insufficient to deprive a judge of immunity). Therefore, Bauer's claim against Chief Justice Gilbertson is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II.     Defendants Knutson and Young Are Dismissed

Bauer claims that Knutson and Young violated his right of access to the courts and his rights under the Due Process and Equal Protection Clauses. Specifically, he alleges that Knutson investigated his grievance and improperly found against Bauer and that Young failed to respond to Bauer's complaint.

In *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993), Buckley, a prisoner, alleged that the defendants violated his constitutional rights because they "refused to pick up his completed grievance forms," and supervisors "condoned" this "by refusing to answer Buckley's letters or investigate his grievances." at 495. The Eighth Circuit Court of Appeals concluded that Buckley failed to state a claim "because no constitutional right was violated by the defendants' failure, if any, to process all of the grievances he submitted for consideration." *Id.* (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure)). "[D]efendants' failure to process any of Buckley's grievances, without more," was "not actionable under section 1983." *Id.*

Similarly, in *Moore v. Thurber*, 105 F.3d 663 (8th Cir. 1997), the court dismissed allegations that defendant jail officials continuously denied a prisoner's requests for grievance forms, that the jail director knew about this interference and did nothing, and that the investigating officer covered up the issue by "failing to investigate thoroughly." at *1. The court affirmed the district

7

court's dismissal of these claims as frivolous. *Id.* (citing *Buckley*, 997 F.2d at 495).

The Eighth Circuit Court of Appeals has held that prisoners fail to state a claim by alleging prison officials failed to process their grievances, *see, e.g., Hodgson v. Fabian*, 378 F. App'x 592, 594 (8th Cir. 2010); *Day v. Corr. Med. Servs.*, 281 F. App'x 624 (8th Cir. 2008), and that the failure to investigate grievances does not rise to a constitutional violation. *King v. Houston*, 556 F. App'x 561, 563 (8th Cir. 2014). Other district courts within the Eighth Circuit have dismissed similar claims. *E.g., Townsend v. Singleton*, No. 4:12-CV-04072, 2013 WL 501441, at *3 (W.D. Ark. Jan. 3, 2013), *report and recommendation adopted*, No. 12-CV-4072, 2013 WL 501112 (W.D. Ark. Feb. 11, 2013); *Webb v. Smartwood*, No. 07-4017-CV-C-NKL, 2009 WL 2606237, at *5 (W.D. Mo. Aug. 21, 2009).

Bauer merely disagrees with the outcome of Knutson's investigation. Docket 1 at ¶ 22. Even if Knutson failed to investigate, however, he would not be liable under § 1983. Responsibility to investigate the grievance alone is not a sufficient basis for liability. *King*, 556 F. App'x at 563.

Also, Knutson's investigation happened after the alleged constitutional violation occurred, Docket 1 at ¶ 22, and Bauer sent his letter to Young on February 15, 2016, which is also after the alleged violations took place. *Id.* at ¶ 31. Therefore, Knutson's alleged failure to properly investigate his grievance and Young's alleged failure to take corrective action were not the proximate

causes of Bauer's alleged denial of access to the court. They occurred after the alleged violation of Bauer's rights.

As to Young specifically, a supervisor may be liable if his "corrective inaction constitutes deliberate indifference toward the violation." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). This requires that the supervisor " 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see.' " *Id.* (quoting *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994)). Though Bauer uses the term "blind eye," he does not allege any facts that show defendants were deliberately indifferent. Bauer fails to state a claim against Knutson and Young, and these claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. Claims Against Glaser

#### A. Access to Courts

Bauer claims that Glaser violated his right of access to the courts. "Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). To protect that right, prisons must provide inmates with the ability to mail their complaints and related legal correspondence. *Id.* (citing *Casey*, 518 U.S. at 351; *Bounds*, 430 U.S. at 824–28). "To state a claim . . . inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Id.* (citing *Casey*, 518 U.S. at 351). In either a claim that the prison

library was inadequate or that prisoners were not provided with enough postage, the harm that must be shown is "a lost, rejected, or impeded legal claim." *Id.*

Bauer alleges that he gave his legal mail to Glaser on October 6, 2015, and that Glaser did not deliver the mail to the prison mail room until October 8, 2015. Docket 1 at 7-8. He also alleges that his motion was denied because it was two days late. *Id.* at 9. Therefore, Glaser's delay caused his motion to be dismissed. This same thing happened again with his motion to reconsider. *Id.* at 11.

In upholding dismissals of access to courts claims, the Eighth Circuit has implied that claims such as Bauer's should not be dismissed. In *Glick v. Lockhart*, 769 F.2d 471 (8th Cir. 1985), a prisoner attempted to send his legal mail at state expense. At first the prison refused, but an assistant warden sent the legal mail four days later. *Id.* at 472. The Eighth Circuit Court of Appeals found this delay "constitutionally insignificant" because it did not cause plaintiff to miss a court deadline. *Id.* In *Moore v. Rowley*, 126 F. App'x 759 (8th Cir. 2005), a prisoner sued prison officials because they would not send his sealed bankruptcy petition. The Eighth Circuit Court of Appeals upheld the grant of summary judgment in favor of defendant Rowley "because the record demonstrates that Rowley did not delay or refuse outright to send his petition." *Id.* at 761.

Here, Bauer alleges that Glaser delayed sending his motion. He also alleges that this delay was the reason his motion was dismissed. Therefore, he states a claim of denial of access to the courts.

To the extent that Bauer claims he was denied access to the courts because the prison forced him to pay postage for his legal mail, he fails to state a claim. A prison's policy of refusing to pay postage for legal mail when an inmate simultaneously pays his own postage for personal letters does not unreasonably restrict an inmate's access to the courts. *Glick*, 769 F.2d at 472.

### B.   Due Process

Bauer claims that Glaser violated his rights under the Due Process Clause. His complaint, however, does not explain how these rights were violated or state facts that would support a claim of a due process violation. Therefore, Bauer fails to state a claim under the Due Process Clause, and his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C.   Equal Protection

Bauer claims that Glaser violated his rights under the Equal Protection Clause. "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)). To establish "an equal protection claim, a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a

11

'fundamental right.' " *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815-16 (8th Cir. 2008) (quoting *Weems v. Little Rock Police Dep't*, 453 F.3d 1010 (8th Cir. 2006)).

Bauer claims that Glaser treated him differently from other inmates when he forced Bauer to pay for postage to mail his legal documents. Docket 1 at 7. He does not, however, allege that this treatment is based on a suspect classification or a fundamental right. Therefore, he fails to state a claim under the Equal Protection Clause, and his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Therefore, it is ORDERED

1. Bauer's claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
2. Chief Justice Gilbertson, Knutson, and Young are dismissed as defendants.
3. Bauer's access to courts claim survives screening under 28 U.S.C. § 1915A.
4. The Clerk shall send blank summons forms to Bauer so he may cause the summons and complaint to be served upon the defendant.
5. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendants as directed by Bauer. All costs of service shall be advanced by the United States.

6. Defendant will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

7. Bauer will serve upon defendant, or, if appearance has been entered by counsel, upon his counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendant or their counsel.

8. Bauer will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated June 3, 2016.

BY THE COURT:  
/s/ *Karen E. Schreier*  
KAREN E. SCHREIER  
UNITED STATES DISTRICT JUDGE
