UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMY BAUER,<br><br>     Plaintiff,<br><br>  vs.<br><br>JACOB GLASER,<br><br>     Defendant. | 4:16-CV-04055-KES<br><br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO AMEND |

Plaintiff, Jeremy Bauer, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Defendant, Jacob Glaser, now moves for summary judgment. Docket 16. In response, Bauer moves to amend his complaint. Docket 29. For the reasons stated below, both motions are denied.

**PROCEDURAL BACKGROUND**

On April 20, 2016, Bauer filed a complaint alleging violations of his right of access to the courts and his rights under the Due Process and Equal Protection Clauses. Docket 1. The court screened Bauer's complaint and dismissed all defendants other than Glaser and all claims other than Bauer's access to the courts claims. Docket 9. Bauer has two access to the courts claims: (1) Glaser delayed sending Bauer's motion for certificate of probable cause to the South Dakota Supreme Court, and (2) Glaser delayed sending Bauer's motion to reconsider to the South Dakota Supreme Court. On

August 10, 2016, Glaser moved for summary judgment, arguing that Bauer failed to exhaust his claims through the prison grievance system. Docket 16. In response, Bauer moved to amend his complaint. Docket 29. His proposed amended complaint attempts to cure the deficiencies of his Equal Protection claim and responds to Glaser's motion for summary judgment. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

"A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial." *Denn v. CSL Plasma, Inc.*, 816 F.3d 1027, 1032 (8th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## DISCUSSION

**I.      Glaser's Motion for Summary Judgment.**

Glaser argues he is entitled to summary judgment because Bauer has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to afford corrections officials the opportunity to address inmate complaints internally before such matters are litigated. *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002)). "In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 628 (quoting *Porter*, 534 U.S. at 524–25).

> To satisfy the PLRA's exhaustion requirement,
>
> prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'-rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with the prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

The South Dakota Department of Corrections' procedure for an administrative remedy requires that, prior to filing a lawsuit, an inmate must follow a two-step process. Docket 18-2 at 3. First, the inmate must file an Informal Resolution Request. *Id.* Second, if the issue is not resolved, the inmate must file a Request for Administrative Remedy. *Id.* Glaser moves for summary judgment, arguing that Bauer did not exhaust his remedies through the prison grievance system before he filed this § 1983 action.

### A.    Delay of Certificate of Probable Cause.

Bauer alleges that Glaser delayed sending his motion for certificate of probable cause to the South Dakota Supreme Court, and as a result, the South Dakota Supreme Court dismissed his motion as untimely. Glaser concedes that Bauer filed an Informal Resolution Request and therefore satisfied the first step of the SDDOC grievance procedure. Docket 17 at 5. But Glaser contends that Bauer did not file an Administrative Remedy Request as is required at step two of the grievance procedure. *Id.*

In his amended complaint, Bauer alleges that he filed his Administrative Remedy Request on November 11, 2015, by putting it in Glaser's mail box. Docket 29-1 ¶ 30. He further alleges that Glaser did not respond. *Id.* ¶ 37. In his Reply Brief, Glaser states, "Plaintiff has not submitted a copy of ARR #11881 he allegedly submitted." Docket 31 at 4. This is not true. Bauer attached a copy of a Request for Administrative Remedy to his proposed amended complaint. Docket 29-11. Although it is not signed and Glaser avers there is no record of this being filed, the facts must be viewed in the light most

4

favorable to Bauer, the non-moving party. Therefore, the record does not demonstrate that Glaser, the moving party, is entitled to judgment as a matter of law, and Glaser's motion for summary judgment is denied as to this claim. *See also Conner v. Doe*, 285 F. App'x 304 (8th Cir. 2008) (finding that a jail's grievance officer's declaration that there was no record of plaintiff filing a grievance insufficient to establish failure to exhaust in the face of plaintiff's assertion in his complaint that he had filed relevant grievances but did not receive copies of them or responses to them).

### B. Delay of Motion to Reconsider

Bauer alleges that Glaser delayed sending his motion to reconsider, an affidavit in support of his motion, and proof of service to the South Dakota Supreme Court. Glaser argues that Bauer failed to exhaust this claim. On December 3, 2015, Bauer filed an Informal Resolution Request numbered 12350. Docket 29-15. The Informal Resolution Request is vague, but in it Bauer complains about the legal mail system. *Id.* After that request was rejected, Bauer filed a Request for Administrative Remedy in which he describes in detail the issue raised in his motion to reconsider. Docket 29-15 at 3-4.

Defendants argue that this Request for Administrative Remedy did not satisfy the SDDOC procedure and his grievance was therefore unexhausted. Docket 31 at 4. Bauer's grievance was rejected because he did not fill out the space on the Request for Administrative Remedy form that consists of a single

5

paragraph, and instead wrote "see attached" in this space and attached three full pages of facts. *See* Docket 29-18.

Bauer alleges that he followed the grievance procedure because it does not prohibit attaching additional pages. Docket 29-1 ¶ 44 (citing Docket 29-15). He is correct. The Inmate Living Guide, Docket 18-1, the relevant SDDOC policy, Docket 18-2, and the Affidavit of Deputy Warden Jennifer Dreiske outline the proper procedure for filing grievances, and none of them mention a procedural rule that prisoners cannot use extra sheets of paper without completely filling out the paragraph on the Request for Administrative Remedy form. The Request for Administrative Remedy form itself states, "Use additional paper if necessary." Docket 29-18. Further, Bauer's Informal Resolution Request was filled out in the exact same manner, but this alleged defect was not mentioned in the response to his request. *See* Docket 29-16.

Glaser cites *Jones*, 549 U.S. 199, in support of his motion. In *Jones*, the United States Supreme Court found that a prisoner could bring a § 1983 claim against defendants that he had not named in his original grievance. *Id.* In making this determination, the court followed *Woodford*, in holding that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'-rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 at 218 (quoting *Woodford*, 548 U.S. at 88). The Court looked at the prison rules and found that they "required only that prisoners be as specific as possible' in their grievances, . . . [and] advised them to '[b]e brief

6

and concise[,]'" but the rules did not require prisoners "to identify a particular responsible party . . . ." *Id.* The Court held that this identification was not necessary for proper exhaustion because "[n]othing in the MDOC policy itself supports the conclusion that the grievance process was improperly invoked simply because an individual later named as a defendant was not named at the first step of the grievance process." *Id.*

The same is true here. Nothing in the SDDOC policy states that grievances will be denied because a prisoner files them on attached pieces of paper. The policy suggests that is allowable. Also, an earlier grievance filed in the same fashion was not denied on procedural grounds.

Glaser also cites *Woodford*, 548 U.S. 81, in which the Supreme Court found that proper exhaustion is required under the PLRA. There, the Court was concerned with prisoners who do not want to participate in the prison grievance system and who wish to bypass available administrative remedies and go directly to court. *Id.* at 95. This worry does not apply to Bauer. The record shows that he tried to file administrative remedies multiple times. The record does not show a prisoner attempting to bypass the prison's system, but shows Bauer honestly presenting his claims to prison officials.

The benefits of an exhaustion requirement "are fully realized when an inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits," and that this creates a "complete administrative record[,]" giving the court "the benefit of the agency's institutional perspective." *Hammett v. Cofield*, 681 F.3d 945, 947-48 (8th Cir.

7

2012). That does not fully exist here. The Supreme Court, however, has also "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. None of these benefits are furthered by finding Bauer's claims unexhausted.

The cases cited by Glaser allow prisons to set up an administrative remedy procedure in order to control the grievance system and to ensure that prisoners properly present their grievances to prison officials before bringing suit in court. They do not allow prisons to create unwritten rules that prevent prisoners from fully exhausting their grievances. Bauer followed the letter of the law of the grievance procedures and completely satisfied the spirit of the procedure by "put[ting] the facts squarely before prison officials[,]" as defendant explains it. Bauer's grievances outlined the issues he raised and made prison officials aware of all of the pertinent facts on which he based his arguments. Therefore, viewing the record in the light most favorable to Bauer, Glaser is not entitled to judgment as a matter of law.

## II.     Bauer's Motion to Amend.

"A decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court . . . ." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R.

8

Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Motions to amend should be freely given in order to promote justice but may be denied when such an amendment would be futile. *Plymouth Cty. v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014).

Bauer's motion is denied because it is futile. In his motion to amend, Bauer accepts the dismissal of defendants other than Glaser and dismissal of his Due Process claim. Docket 29 at ¶¶ 3-4. He argues that his amended complaint cures the deficiencies in his Equal Protection claim pointed out by this court and responds to Glaser's argument that Bauer failed to exhaust his claims. *Id.* ¶¶ 5-7, 14.

As with his original complaint, Bauer again fails to allege that Glaser's treatment, i.e. forcing Bauer to pay for postage, is based on a suspect classification or a fundamental right. Therefore, his amendment is futile as to his Equal Protection claim and any claim concerning the payment of postage. Further, to the extent Bauer filed his proposed amended complaint in order to respond to Glaser's motion for summary judgment, the court considered the proposed amended complaint in denying Glaser's motion and in concluding that Bauer had presented sufficient evidence to show that a material question of fact existed with regard to the exhaustion of remedies issue. Therefore, Bauer's motion to amend is denied.

Thus, it is ORDERED:

1. Glaser's motion for summary judgment (Docket 16) is denied.

2. Bauer's motion to amend (Docket 29) is denied.

Dated February 1, 2017.

>BY THE COURT:
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE