UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMY BAUER,<br><br>    Plaintiff,<br><br> vs.<br><br>JACOB GLASER,<br><br>    Defendant. | 4:16-CV-04055-KES<br><br><br>ORDER GRANTING MOTION<br>FOR PROTECTIVE ORDER |

  Plaintiff, Jeremy Bauer, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983. Defendant, Jacob Glaser, moved for summary judgment, and the court denied his motion. Defendant now moves to stay discovery until the court determines the issue of qualified immunity.

  Pursuant to Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* *§ 2040* (3d ed.). A stay of discovery is within the district court's discretion and is reviewed by the appellate court for an abuse of that discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery). Because the qualified

immunity issue may be dispositive, the court grants defendant's motion to stay discovery.

Bauer argues that the court should not grant the motion. He alleges that defendant is merely trying to stall the litigation by moving for a protective order. While defendant could have moved the case along in a more timely manner, the issue of qualified immunity should be settled before discovery begins. Further, Bauer does not show why he needs to conduct discovery at this time. He argues that he needs to conduct discovery in order to support his motion for summary judgment, but he has already filed his motion.

He also argues that he needs to know the prison's procedures for sending inmates' legal mail. Defendants' motion for summary judgment will only be granted if they show that there is no genuine dispute as to any material fact. If they are able to show that, it does not matter whether Bauer has access to the prison mail procedures. If he feels that his lack of discovery causes him to be unable to fully respond to defendants' eventual motion for summary judgment, he should argue that in his response. At this time, however, Bauer does not need to conduct discovery.

Thus,

IT IS ORDERED that defendant's motion for protective order (Docket 37) is granted. Discovery will be stayed until the court determines the issue of qualified immunity. If summary judgment is denied, the stay on discovery will be lifted.

IT IS FURTHER ORDERED that defendant shall file his motion for summary judgment by April 7, 2017.

Dated March 29, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE